ALLEN, Judge.
This is an appeal from a final decree in a suit for specific performance of a written instrument involving certain land. Harold Ware and wife, Helen Ware, and Lucille E. Drum sued W. H. Grim and wife, Villa Lee Grim, to obtain performance of an instrument, styled “Option Contract,” executed by the Grims in favor, of plaintiffs. After hearing the evidence,, the chancellor decreed the equities to be with the plaintiffs and required the defendants to perform the contract. The defendants appeal.
In July, 1954, the parties negotiated a sale of the involved property for $12,000. A contract was drawn up and found acceptable by the defendants, but testimony was adduced to the effect that the defendants required that an option contract be used for the purpose of income tax benefits to defendants which would result i'f the sale were completed in 1955, rather than in 1954.
The plaintiffs paid the consideration called for in the option agreement in the amount of $250. However, the agreement was placed in escrow with one Harris with instructions to deliver it to plaintiffs’ attorney, Welcom. Watson, only if he in turn delivered a quit claim deed from plaintiffs, quit claiming all interest in the land described in the option contract. This was never done and in November, 1954, Flarris returned the instrument to defendants. The purpose of the escrow arrangement was to enable defendants to clear their title, in the event the option agreement was recorded, by simply recording the quit claim deed upon failure of plaintiffs to consummate the deal.
*808 The instrument designated “option contract” provided that the plaintiffs should have the privilege of purchasing between the dates of January 1, 1955 and January 10, 1955, the property involved in this case. There is evidence to the effect that when the agreement was signed the plaintiffs requested an abstract. Defendants assured plaintiffs the abstract would be delivered in December, 1954. However, despite other requests by plaintiffs, defendants never delivered an abstract on the property. Plaintiffs, on January 13, 1955, gave written notice of their exercise of their option, and having determined defendants’ title to be good without obtaining defendants’ abstract, plaintiffs tendered the necessary cash and executed notes and mortgage to defendant wife on February 16, 1955. The tender was refused.
A review of the evidence taken before the chancellor shows a conflict in the testimony of the parties. The theory of the plaintiffs was that a sales contract had been entered into under definite terms and conditions under a contract dated July 26, 1954, and filed in evidence as “Exhibit 1” but that another instrument was signed July 31, 1954, which was designated an “option contract” solely for income tax purposes to enable the sellers to show the transaction as a sale in 1955 instead of in 1954.
The defendants-appellants contend that the second contract, designated “option contract”, filed in evidence as “Exhibit 2”, was the specific contract involved and was purely an option contract which had to be exercised between January 1, 1955 and January 10, 1955, in order to be effective.
There was voluminous testimony taken before the trial judge which resulted in his entering his decree dated June 5, 1957, in which he found:
“2. This is a suit for specific performance and presents a not unusual situation where the Defendants, as sellers, seek to avoid their contractual obligation to convey the property in question to the Plaintiffs, as purchasers, where the land has appreciated in price in the interim between the making of the contract and the closing date. Defendants seek to make time of the essence without warning but are estopped from doing so by their general conduct and particularly by their failure to deliver an abstract of title after having promised to do so, which promise was relied upon by Plaintiffs.
“3. One other question is whether the agreement involved was a standard sales contract or an option. Viewing the whole transaction from its inception, this Court is of the opinion that it was a usual sales contract for land between vendors and purchasers, and was so intended by all parties. It was titled an option at Defendants’ request so that they could escape certain income taxes, and the intention was further evidenced by the two checks delivered to Defendants as and for a deposit upon the purchase of the land and so accepted according to the notations thereon, and this notation was changed to ‘lease’ at Defendants’ request again in order to assist in the income tax plan of Defendants.
“The intent of the parties is crystal clear and Defendants cannot now be heard to complain of technical deficiencies which they created and thus take advantage of them.
“4. The equities of the cause are with the Plaintiffs and they have sustained the burden of proving the material allegations of their complaint by a preponderance of the evidence.” Appellants’ Appendix pp. 134 and 135.
We are of the opinion that the evidence upon which the chancellor decreed specific performance in this case was sufficient to support such decree.
*809 Finding no error in the record, we affirm the lower court.
Affirmed.
KANNER, C. J., and SPOTO, I. C., Associate Judge, concur.